IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **PAULA F. DeFRANK,** | § | |
| Plaintiff, | § | |
| v. | § | CASE NO. 1:07cv775-WKW |
| **ARMY FLEET SUPPORT, LLC,** | § | |
| Defendant. | § | |

### ANSWER OF DEFENDANT ARMY FLEET SUPPORT, LLC

Defendant Army Fleet Support, LLC ("AFS"), by and through its counsel, answers the Complaint of Plaintiff Paula F. DeFrank ("Plaintiff") as follows:

### First Defense

Responding to the corresponding paragraph numbers of the Complaint, AFS answers as follows:

1.    AFS admits that this Court has jurisdiction over the subject matter of Count One of Plaintiff's Complaint, but denies that it receives federal financial assistance so as to be subject to § 504 of the Rehabilitation Act of 1973.  AFS denies that Count Two of the Complaint is so related to the claim made in Count One as to form a part of the same case or controversy under Article III of the United States Constitution.  Therefore, AFS denies that it is appropriate for this Court to exercise supplemental jurisdiction over Count Two of Plaintiff's Complaint.

2. AFS is informed and, on the basis of such information, admits the allegations of paragraph no. 2 of the Complaint.

3. AFS admits that it is an entity doing business in the State of Alabama.

4. AFS is informed and, on the basis of such information, admits that Plaintiff was employed by DynCorp Technical Services, LLC in January 2000. AFS is without knowledge or information sufficient to form a belief as to the truth of the averments regarding her assignments and performance with DynCorp. AFS admits that it employed Plaintiff as an aircraft mechanic effective December 1, 2003. AFS denies the remaining allegations of paragraph no. 4.

5. AFS is informed and, on the basis of such information, admits that Plaintiff was injured in an automobile accident in January 2004. AFS admits that Plaintiff was transferred to its inactive list on January 26, 2004, and that she returned to work on June 29, 2004, subject to physician-imposed restrictions that AFS was able to accommodate.

6. AFS is informed and, on the basis of such information, believes that Plaintiff underwent surgery on August 12, 2004 and that Dr. John D. Dorchak approved her return to work effective February 15, 2005, subject to the restrictions stated in paragraph no. 6.

7.   AFS is informed and, on the basis of such information, admits that Dr. Diana M. Mancuso hospitalized Plaintiff from February 14 through 21, 2005, and released her to return to work on February 23, 2005.  AFS admits that it was able to accommodate the restrictions imposed by Dr. Dorchak, and Plaintiff returned to work on February 23, 2005.

8.   AFS admits that Plaintiff was assigned to perform "parts return" work until on or about August 22, 2005, when she again went out on medical leave.  AFS admits that another employee was assigned to do "parts return" work, also.

9.   AFS admits that, on December 22, 2005, Dr. Dorchak released Plaintiff to return to work on December 27, 2005, with medical restrictions for three months.  AFS admits that it initially concluded that it was unable to accommodate Plaintiff's medical restrictions, but that it subsequently concluded that it could accommodate Plaintiff's medical restrictions and so informed Plaintiff.  AFS admits that Plaintiff submitted a Reclassification Request Review Sheet on December 22, 2005.  AFS denies the remaining allegations of paragraph no. 9.

10.   AFS admits that it concluded on January 11, 2006, that it could accommodate Plaintiff's medical restrictions and returned her to work.  AFS denies the remaining allegations of paragraph no. 10.

11.     Denied.

12.     Denied.

13.     Admitted.

14.     AFS denies that Plaintiff worked under "adverse conditions." AFS admits that Plaintiff left work without permission on April 4, 2006, and did not request to return to work until June 19, 2006. AFS is informed and, on the basis of such information, admits that Plaintiff's co-worker, a minister, spoke to her and used the word "rebuke" to her, for which he was orally reprimanded.

15.     AFS avers that Plaintiff's supervisor, Bruce Swarthout, orally reprimanded Plaintiff's co-worker. AFS admits that because of a need for additional aircraft mechanics on the floor, Plaintiff, an aircraft mechanic, was assigned to work on helicopters. AFS denies the remaining allegations of paragraph no. 15.

16.     AFS admits that on April 5, 2006, Dr. Mancuso wrote, "I feel it is in [Plaintiff's] best interest medically to refrain from work for the next month." AFS is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's averment that she had "additional surgery." AFS denies that it denied Plaintiff "short-

term disability leave." On June 14, 2006, Southern Bone & Joint Specialists, P.C. released Plaintiff to return to work on June 15, 2006, subject to medical restrictions. That same day, Dr. John D. Dorchak released Plaintiff to return to work effective June 19, 2006 subject to medical restrictions for three months. AFS was unable to accommodate Plaintiff's restrictions for that length of time.

17. AFS admits that Plaintiff was "administratively terminated" on October 12, 2006, subject to her rights under the Collective Bargaining Agreement to return to work. AFS denies the remaining allegations of paragraph no. 17.

18. Denied.

## Count One

19. AFS adopts its answers to Paragraphs 1-18 of the Complaint as if fully set forth herein.

20. AFS admits that Plaintiff purports to bring Count One under 29 U.S.C. §§ 794 et seq., but AFS denies that those statutes apply to AFS under its contract with the military or that it violated the prohibitions of those statutes.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

## Count Two

26. AFS adopts its answers to Paragraphs 1-25 of the Complaint as if fully set forth herein.

27. AFS admits that Plaintiff purports to bring Count Two pursuant to *Ala. Code* §§ 6-5-100 et seq.; however, AFS denies that it has violated those statutes with respect to Plaintiff.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

AFS denies all allegations of the Complaint and each Count therein that were not specifically admitted in its First Defense.

AFS denies that Plaintiff is entitled to the relief requested in the unnumbered prayers for relief following Counts One and Two, or to any relief whatsoever.

## Affirmative Defenses

### First Affirmative Defense

The Complaint or Counts therein fail to state a claim against AFS upon which relief can be granted.

### Second Affirmative Defense

Count One of the Complaint fails to state a claim against AFS upon which relief can be granted, because AFS does not receive federal financial assistance so as to subject it to § 504 of the Rehabilitation Act of 1973.

### Third Affirmative Defense

Count Two of the Complaint fails to state a claim against AFS upon which relief can be granted, because Plaintiff has failed to state with particularity the circumstances allegedly constituting fraud or mistake.

### Fourth Affirmative Defense

Count Two of the Complaint fails to state a claim upon which relief can be granted in that AFS was under no duty to advise Plaintiff as to her standing to receive unemployment compensation benefits under Alabama law.

### Fifth Affirmative Defense

Plaintiff was not an individual with a "disability" within the meaning of Section 504 of the Rehabilitation Act of 1973.  Therefore, she was not subject to the protections of that Act.

### Sixth Affirmative Defense

Plaintiff was not a "qualified individual with a disability" within the meaning of Section 504 of the Rehabilitation Act of 1973.  Therefore, she was not subject to the protections of that Act.

### Seventh Affirmative Defense

AFS is not, and was not at relevant times herein, a covered entity under the Rehabilitation Act of 1973.

### Eighth Affirmative Defense

Plaintiff has not attempted to return to work with AFS since the expiration of her medical restrictions on or about September 15, 2006. Therefore, Plaintiff is barred from recovery after that date.

### Ninth Affirmative Defense

Plaintiff self-terminated her employment with AFS on or about September 15, 2006 by not returning to work upon the expiration of her medical restrictions.

### Tenth Affirmative Defense

In the alternative, Plaintiff has not been discharged from employment by AFS and retains any right to return to work provided by the Collective Bargaining Agreement.

### Eleventh Affirmative Defense

The accommodation requested by Plaintiff on or about June 15, 2006 was not reasonable.

**Twelfth Affirmative Defense**

The accommodation requested by Plaintiff on or about June 15, 2006 would have imposed an undue hardship on AFS.

**Thirteenth Affirmative Defense**

AFS lawfully refused to return Plaintiff to work on or about June 15, 2006, because she could not perform the essential functions of her job as an aircraft mechanic, with or without reasonable accommodation.

**Fourteenth Affirmative Defense**

AFS's standards that precluded Plaintiff from returning to work on or about June 15, 2006, were job-related and consistent with business necessity.

**Fifteenth Affirmative Defense**

Plaintiff has failed to exhaust the grievance procedure under the Collective Bargaining Agreement existing between her Union and AFS.

**Sixteenth Affirmative Defense**

AFS acted at all times in good faith and without discriminatory intent.

**Seventeenth Affirmative Defense**

Count One of the Complaint is barred because any action or decision by AFS with respect to Plaintiff's employment was taken or made in good faith and was based on legitimate, business-related reasons and not on Plaintiff's alleged disability.

**Eighteenth Affirmative Defense**

AFS did not willfully violate any of the statutes or laws referenced in the Complaint.

**Nineteenth Affirmative Defense**

Without admitting that AFS induced Plaintiff to forego application for unemployment benefits, which AFS expressly denies, any alleged misstatement of Plaintiff's eligibility for unemployment compensation benefits was a mistaken interpretation of the law and not actionable fraud.

**Twentieth Affirmative Defense**

Without admitting that AFS induced Plaintiff to forego application for unemployment benefits, which AFS expressly denies, AFS avers that Plaintiff's reliance, if any, upon any representation by an agent, servant or employee of AFS was unreasonable, because Plaintiff and AFS had adverse interests.

### Twenty-First Affirmative Defense

Any back pay to which Plaintiff claims to be entitled is offset by Plaintiff's earnings and benefits from interim or subsequent employment.

### Twenty-Second Affirmative Defense

On information and belief, Plaintiff is barred from obtaining the damages she seeks, in whole or in part, due to her failure to mitigate or reasonably attempt to mitigate damages, if any, as required by law.

### Twenty-Third Affirmative Defense

Any and all claims by Plaintiff based in whole or in part upon any alleged physical or emotional injury or mental distress are barred because no conduct of AFS was extreme or outrageous or undertaken with the intent of causing, or in reckless disregard of the likelihood of causing, emotional distress.

### Twenty-Fourth Affirmative Defense

Plaintiff is not entitled to punitive damages because Plaintiff has failed to plead facts sufficient to entitle her to an award of punitive damages.

**Twenty-Fifth Affirmative Defense**

AFS did not act recklessly or with indifference to the federally protected rights of Plaintiff. Hence, Plaintiff cannot recover punitive damages against AFS under Count One.

**Twenty-Sixth Affirmative Defense**

Plaintiff's claim for recovery of punitive damages under Count Two is barred by *Ala. Code* § 6-11-20 (1993).

**Twenty-Seventh Affirmative Defense**

Plaintiff's claim for recovery of punitive damages under Count Two is barred by *Ala. Code* § 6-11-27 (1993).

**Twenty-Eighth Affirmative Defense**

Defendant claims the benefits and limitations of the statutory cap to punitive damages in *Ala. Code* § 6-11-21 (1993).

**Twenty-Ninth Affirmative Defense**

Plaintiffs' claims for punitive damages violate the Fifth and Fourteenth Amendments to the Constitution of the United States on the following grounds:

    a.    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution to impose punitive

      damages, which are penal in nature, against a civil defendant upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award, which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

c.     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

d.     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

e.     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, arbitrary, capricious, and fundamentally unfair, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments; and

f.     The award of punitive damages in this case would constitute a deprivation of property without due process of law in violation of the Due Process Clause of the Fifth and Fourteenth Amendments.

**Thirtieth Affirmative Defense**

Plaintiff's claim for punitive damages violates the equal protection clause of Article I, §§ 1, 6, and 22 of the Alabama Constitution, and the due process clause of Article I, § 6 of the Constitution of Alabama, on the following grounds:

    a.    It is a violation of the due process clause and equal protection clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the Plaintiffs' satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    b.    The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against Defendant;

    c.    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, arbitrary, capricious, and fundamentally unfair thus violating the due process clause, Article I, § 6 of the Alabama Constitution;

    d.    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which violates the due process clause, Article I, § 6 of the Alabama Constitution;

    e.    The award of punitive damages in this case would constitute a deprivation of property without due process of law;

    f.       The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and, thus, violate the Equal Protection Clause, Article I, §§ 1, 6, 22 of the Alabama Constitution; and

    g.       The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award, which thereby violates the due process and equal protection clauses.

### Thirty-First Affirmative Defense

Further answering Plaintiffs' Complaint in this cause, and without waiving but expressly insisting upon each defense hereinabove set forth, these Defendants aver that punitive damage awards in Alabama are not governed by any specific standards, are not based on rational distinctions, and do not serve any legitimate state interest. Consequently, such awards violate the due process and equal protection provisions of both the Fourteenth Amendment to the United States Constitution and Article I, §§1, 6 and 22 of the Constitution of the State of Alabama.

### Thirty-Second Affirmative Defense

Further answering Plaintiffs' Complaint in this cause, and without waiving but expressly insisting upon each defense hereinabove set forth, these Defendants aver that the amount of an award of punitive damages could violate the excessive fines provisions

of the Eighth Amendment to the United States Constitution and Article I, §15 of the Constitution of the State of Alabama.

### Thirty-Third Affirmative Defense

Further answering Plaintiffs' Complaint in this cause, and without waiving but expressly insisting upon each defense hereinabove set forth, Defendant avers that punitive damages are penal in nature, yet Defendant in this civil action is not awarded the same procedural safeguards accorded to a criminal defendant under the Fourteenth, Fifteenth and Sixteenth Amendments to the United States Constitution, including, without limitation, requiring proof beyond a reasonable doubt, and is exposed to civil penal fines in excess of those fines that could be imposed under criminal law.

### Thirty-Fourth Affirmative Defense

Plaintiff is barred from recovery because of laches and/or estoppel.

### Thirty-Fifth Affirmative Defense

Plaintiff is barred from the equitable relief she seeks because she does not come to court with clean hands.

## **PRAYER FOR RELIEF**

Having fully answered the allegations of the Complaint and having set forth its affirmative defenses, AFS respectfully prays that:

A.  The Complaint be dismissed and Plaintiff take nothing from AFS;

B.  Judgment be entered in favor of AFS;

C.  The Court award AFS its cost of litigation, including reasonable attorneys' fees; and

D.  The Court grant such other and further relief to AFS as it deems just and proper.

ARMBRECHT JACKSON LLP
Post Office Box 290
Mobile, Alabama 36601
Phone:      (251) 405-1302
Facsimile:  (251) 432-6843

By    /s/ Kirk C. Shaw (SHAW0466)

Attorneys for Army Fleet Support LLC

## CERTIFICATE OF SERVICE

      I hereby certify that on September 20, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filings to the following:

        Jimmy Jacobs, LLC
        4137 Carmichael Road, Suite 100
        Montgomery, AL  36106


        /s/ Kirk C. Shaw (SHAWK0466)