IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PAULA F. DeFRANK, | § | |
| Plaintiff, | § | |
| v. | § | CASE NO. 1:07cv775-WKW |
| ARMY FLEET SUPPORT, LLC, | § | |
| Defendant. | § | |

**JOINT MOTION FOR HIPAA DISCOVERY ORDER
PURSUANT TO 45 C.F.R. § 164.512(e)(1)**

Come now Plaintiff Paula F. DeFrank and Defendant Army Fleet Support LLC ("AFS"), all of the parties herein, pursuant to 45 C.F.R. § 164.512(e)(1) and federal substantive and procedural laws, and file this joint motion for the Court to enter an order pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") to govern the production and protection of certain Protected Health Information in compliance with HIPAA. As grounds for this Motion, Defendant shows unto the Court as follows:

1. This action includes a claim by Plaintiff under the Rehabilitation Act of 1973, § 504. Defendant and Plaintiff will need to examine and copy Plaintiff's medical records, which are maintained by third parties and subject to HIPAA, and perhaps depose health care providers.

2.  HIPAA's regulations specifically anticipate and authorize the disclosure of Protected Health Information in the course of a judicial or administrative proceeding in response to an Order by the Court issued pursuant to 45 C.F.R. § 164.512(e)(1)(i).

3.  A proposed Order is attached to this joint motion for the Court's consideration.

4.  This joint motion is being filed by counsel for Defendant, but counsel for both parties have agreed to it.

WHEREFORE, the premises considered, Plaintiff and Defendant respectfully move this Court to enter the attached HIPAA Discovery Order pursuant to 45 C.F.R. § 164.512(e)(1)(i).

/s/ Jimmy Jacobs
Jimmy Jacobs, LLC
4137 Carmichael Road, Suite 100
Montgomery, AL  36106

Attorney for Plaintiff Paula F. DeFrank

        ARMBRECHT JACKSON LLP
        Post Office Box 290
        Mobile, Alabama 36601
        Phone:     (251) 405-1302
        Facsimile:  (251) 432-6843


        By   /s/ Kirk C. Shaw (SHAW0466)

        Attorney for Army Fleet Support LLC


**CERTIFICATE OF SERVICE**

    I hereby certify that on November 8, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filings to the following:

        Jimmy Jacobs, LLC
        4137 Carmichael Road, Suite 100
        Montgomery, AL  36106


        /s/ Kirk C. Shaw (SHAWK0466)

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **PAULA F. DeFRANK,** | § |
| Plaintiff, | § |
| v. | §   CASE NO. 1:07cv775-WKW |
| **ARMY FLEET SUPPORT, LLC,** | § |
| Defendant. | § |

**PROPOSED**
**HIPAA DISCOVERY ORDER IN CIVIL ACTION**

Now pending before the Court is the Joint Motion for HIPAA Discovery Order pursuant to 45 C.F.R. § 164.512(e)(1) (doc. # _____) filed on November 8, 2007. Upon consideration of the motion, and for good cause, it is

ORDERED that the motion for a HIPAA Discovery Order (doc. # _____) be and is hereby GRANTED. It is further

ORDERED that any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial is authorized to disclose Protected Health Information in response to such request or subpoena. This Order is intended to authorize such disclosures as provided under 45 C.F.R. § 164.512(e)(1).

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Federal Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or

treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party.  This Order prohibits the parties from using or disclosing the Protected Health Information for any purpose other than this litigation or proceeding.  It is further

ORDERED that at the conclusion of this action and at the written request of an individual whose Protected Health Information has been disclosed, or such individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party or destroy the documents and all copies thereof containing Protective Health Information received by them pursuant to this Order, except Protected Health Information that is included in insurance claim files and law firm litigation files may be retained to allow compliance to the extent and for the period that such retention is required by applicable state insurance laws and Alabama State Bar rules and regulations.

Done this _____ day of _____, 2007.

_____
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE