IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PAULA F. DeFRANK, | § |
| Plaintiff, | § |
| v. | §    CASE NO. 1:07cv775-WKW |
| ARMY FLEET SUPPORT, LLC, | § |
| Defendant. | § |

**DEFENDANT ARMY FLEET SUPPORT, LLC'S
MOTION FOR PROTECTIVE ORDER**

Comes now the Defendant, Army Fleet Support, LLC, by and through its counsel of record, and, pursuant to Fed.R.Civ.P. 26(c), moves this Honorable Court to issue a protective order protecting the privacy of confidential, proprietary or sensitive business information regarding Defendant and the personal, confidential information regarding its employees that Defendant may produce herein. As grounds therefore, Defendant shows unto the Court as follows:

1.    Plaintiff has filed this action against Defendant contending that Defendant violated Section 504 of the Rehabilitation Act of 1973 by not accommodating her alleged disability and that it committed fraud and deceit against Plaintiff in connection with her efforts to collect unemployment compensation benefits from the State of Alabama.

2. Defendant denies that it committed any tort or statutory violation against Plaintiff.

3. Plaintiff has filed her First Consolidated Interrogatories and requests for Production (Exhibit "1" hereto), in which she has requested certain confidential, proprietary or sensitive business information regarding Defendant and also personal information regarding Defendant's employees, including, for example, their disabilities, terms of employment, reason for termination of employment and, in some cases, their complete personnel files, among other information. *See, e.g.,* Exh. "1," items 2, 3, 4, 7, 11, 13, 14,15, 16, 17, 21, 24, 26, 27, 29, 30 and 32.

4. Counsel for the parties have discussed a jointly stipulated protective order on more than one occasion, but have not been able to agree to the wording thereof. The major disagreement relates to the situation where one party challenges the other party's designation of a document as "protected" --- who has the burden of seeking an order from the Court as to whether the document should be "protected" or not: the "challenging party" or the "challenged party"? Defendant's position is that, since the document will already have been produced to the challenging party at that point, the document should remain "protected" until the challenging party seeks and obtains a court order to the contrary. Plaintiff's position is that the challenged party should be required to seek a court order that the document is properly labeled as "protected."

5.      In order to protect the privacy of Defendant's confidential, proprietary or sensitive business information and the confidential information of Defendant's employees, while allowing Plaintiff access to information that she contends is necessary for the prosecution of her case, Defendant requests this Honorable Court to enter a protective order protecting the privacy of these documents and the information requested.

6.      Defendant's proposed protective order is attached hereto as Exhibit "2."

WHEREFORE, Defendant respectfully requests this Honorable Court to issue a protective order in the form of the attached.

> ARMBRECHT JACKSON LLP
> Post Office Box 290
> Mobile, Alabama 36601
> Phone:      (251) 405-1302
> Facsimile:  (251) 432-6843
>
>
> By___/s/ Kirk C. Shaw (SHAW0466)_____
>
> Attorney for Army Fleet Support LLC

**CERTIFICATE OF SERVICE**

  I hereby certify that on January 17, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filings to the following:

    Jimmy Jacobs, LLC
    4137 Carmichael Road, Suite 100
    Montgomery, AL  36106


      /s/ Kirk C. Shaw (SHAWK0466)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PAULA F. DeFRANK | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | CASE NUMBER 1:07-cv-775-WKW |
| | ) | |
| ARMY FLEET SUPPORT, L.L.C., | ) | (JURY DEMAND) |
|     Defendant | ) | |

### PLAINTIFF'S FIRST CONSOLIDATED INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT ARMY FLEET SUPPORT

Pursuant to Rules 26, 33, 34 and 37 of the Federal Rules of Civil Procedure, the plaintiff propounds these consolidated Interrogatories and Requests for Production of Documents to the defendant and its officers, attorneys, agents, contractors, and employees, having any information or documents which are available to the defendant. These interrogatories and document requests are to be answered separately and severally by the defendant in the manner and form provided by law and rules of this Court.

Where facts set forth in answers, or portions thereof, are supplied upon information and belief, rather than upon personal knowledge, defendant should so state and specifically identify and describe the source or sources of such information and belief. Should defendant be unable to answer any interrogatory or admission or portion thereof by actual knowledge, or upon information and belief, it shall state in detail its efforts to obtain such knowledge as will enable it to answer said interrogatory or admission or portion thereof.

Answers to these interrogatories and document requests shall be responsive to the date on which the answers are filed and shall be continuing in character and require the filing of supplement answers if further or different information on documents relative thereto becomes known before trial. Where knowledge or information of the defendant is requested, such request includes knowledge of its agents, contractors, representatives, and unless privileged, its attorneys.

### DEFINITIONS

A.  As used herein, the definitions for the term "document" means without limitation, the following items, whether printed, recorded or reproduced by any other mechanical means or electronic process, or written or produced by hand: agreements; contracts; communications; correspondence; emails; letters; telegrams; tape recordings; memoranda; notes; summaries or other recordings of telephone conversations; personal conversations, or meetings; agenda of meetings; notices; records; bids records; personal memoranda; photographs; photographic slides; motion picture films; charts; graphs;

diagrams; reports; statement of witnesses; findings of investigations; files; reports of experts' reports of consultants; papers; books; records; summaries; and any and every other writing or other graphic means by which human intelligence is in any way transmitted or reported.

  B. As used herein, the term "oral communications" means any words heard or spoken, and including, without limitation, words spoken at any meeting, discussion, speech or conversation, including any telephone conversation.

  C. As used herein, the term "person" includes natural persons, governments (or agencies thereof), quasi-public entities, corporations, partnerships, ventures, and all other forms of organization, association of business entities.

  D. As used herein, the term "you" or "defendant" means the named defendant in this action and the officers, attorneys, agents and employees of such defendant having information available to the defendant within the meaning of Rule 33 (a).

  E. "Identify" when referring to a natural person means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, present or last known address, present or last known business affiliation and address, title or occupation, and each of the positions held by such persons during the applicable time covered by any answer referring to such person.

  F. "Identify" when referring to a document or writing means to give sufficient characterization of such document or writing so as to have identified it "with reasonable particularity" for purposes of Rules 33 and 34 of the Federal Rules of Civil Procedure. More particularly, the term "identify" when used with reference to a document includes:

    a. date the document bears, or if none, under the date it was written;
    b. name and address of each person who wrote it or participated in the writing of it;
    c. name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed;
    d. name and address of each person who received a copy of the document;
    e. description of the document, as for instance, a letter or memorandum;
    f. its present location or custodian of each copy, or if unknown, its last known location or custodian;
    g. if any document is no longer in defendant's possession, or subject to defendant's control state what disposition was made of it, the reason for such deposition, the identity of the person currently having possession or control and the date that possession or control was relinquished by the defendant or any one of them.

  When used with reference to an oral communication, "identify" includes:
    a. persons participating in such oral communication;
    b. date, manner (e.g., telephone) and place at which persons participated in or heard the oral communication were located;

2

   c. a description of the circumstances surrounding the communications, as, for instance, meeting, speech or conversation;
   d. name of each person who was present, other than the participants;
   e. substance of the oral communication.

 G. As used herein, the term "date" shall mean the exact day, month and year, if ascertainable, or if not, the best approximation thereof, including relationship to other events.

 H. "Personnel Information" shall include date or information which pertains to employees, applicants for employment, persons seeking employment, or former employees, and includes, but is not limited to, information on any individual or aggregate of individuals concerning applicant flow, residence, interviews, tests, evaluations, referrals from referral agencies, length of service, educational level, selection, job assignments, performance, training, qualifications, validation of tests, promotions, health, safety, vacancies, job applications, test results, marital status, race, sex, family status, recruitment, etc.

 I. As used herein, the term "he" or "she" is intended to refer to persons of both sexes regardless of which term is used.

 J. As used herein the term "discipline" shall include any action taken in regard to an employee which is intended to punish and/or correct some aspect of the employee's behavior, conduct or performance, including, but not limited to, the following actions: verbal warning, written warning, verbal reprimand, written reprimand, suspension, demotion, placement or probation, fine, etc.

 K. As used herein the term "termination" shall include any one or more of the following actions which interrupt an employee's service of employment with the defendant: layoff, discharge, quit, resignation, etc.

 L. As used herein, the term "employee" includes temporary employees hired through a temporary agency.

## INTERROGATORIES AND REQUESTS FOR PRODUCTION

**If the Defendant has any objection that any request or interrogatory promulgated herein is vague; ambiguous; not relevant; burdensome; overly broad; and/or is subject to a legal privilege; the Plaintiff requests the Defendant contact her counsel within ten days of receipt of these discovery requests to make a good faith effort to resolve any such objection or to permit her to make any necessary clarification or correction of a request.**

1. If the defendant failed to admit any of the plaintiff's requests for admission, please explain in detail why the defendant cannot admit each one of the denied requests for admissions.

RESPONSE:

2. Identify all persons who were employed by AFS as aircraft mechanics (includes avionics mechanics, armament avionics technicians, AMSS engine shop

3

mechanics, structural mechanics, hydraulic shop mechanics, AAE&I technicians and ALSE technicians) who have been accommodated for medical or physical restrictions from December 1, 2003 to the present; and, provide the following for each: 1) Return To Work Slip (form 01-288 or most current version); and, 2) the employee's last known address, phone number and dates of employment.

RESPONSE:

3. Identify all persons who were employed by AFS as aircraft mechanics (includes avionics mechanics, armament avionics technicians, AMSS engine shop mechanics, structural mechanics, hydraulic shop mechanics, AAE&I technicians and ALSE technicians)who the Defendant has refused to accommodate for medical or physical restrictions from December 1, 2003 to the present; and provide the following for each: 1) Return To Work Slip (form 01-288 or most current version) ; and 2) the employee's name, last known address, phone number and dates of employment.

RESPONSE:

4. If any of the above listed employees are no longer employed with the defendant, please state the reason their employment ended; and, if terminated or forced to resign, state in detail the reason why that employee was terminated or forced to resign and identify all persons involved in the decision to end that employee's employment.

RESPONSE:

5. Identify by name and job title all employees responsible for the decision made on April 4, 2006 to withdraw accommodations for her physical restrictions and to require Paula DeFrank to return to full-duty work as a regular mechanic for AFS.

RESPONSE:

6. Identify by name and job title all employees responsible for refusing to allow Paula DeFrank to return to work, with or without accommodations, for AFS subsequent to April 5, 2006.

RESPONSE:

7. Provide documentation for each instance, during the time period of December 1, 2003 to the present, where an employee of AFS has complained that he or she was being discriminated against on the basis of illness or disability. Such documentation shall include, but is not limited to, the following: Complaint of Discrimination in Employment Under Federal Government Contracts (US DOL); Charge of Discrimination (EEOC form 5); Army Fleet Support Grievance & Steps 2 and 3 Answer; Federal Mediation and Conciliation Service (FMCS form R-4);

4

Army Fleet Support Internal Communications Memo For Record; and, all correspondence (including emails) regarding each complaint.

RESPONSE:

8. Identify by name, address and telephone number each and every person who has knowledge of facts supporting the defendant's defenses in this case, and state in detail what knowledge each person has to support that defense. (This would include, but is not limited to, the individuals listed in the defendant's initial disclosures).

RESPONSE:

9. If the defendant or any of its officers, managers, supervisors or representatives have had discussions with any former employee concerning the plaintiff, her requests for accommodations, or her lawsuit, please identify that former employee, state the date of the conversations and the content of the conversations.

RESPONSE:

10. State in detail each and every accommodation that defendant considered to allow plaintiff to return to full-time employment giving the dates each accommodation was considered, the reason each or any accommodation was not offered to the plaintiff, the identity of all AFS employees or agents who investigated and/or declined to offer each accommodation, and the last known address and phone number of each such employee or agent.

RESPONSE:

11. Identify each and every employee from December 1, 2003 to the present who AFS either terminated, or attempted to terminate, or refused to hire based on their physical or medical limitations; and, provide the letters or related record of communication to each individual regarding the termination, attempted termination, or refusal to hire.

RESPONSE:

12. Identify each position with AFS at Fort Rucker, for which AFS considered Paula DeFrank to be qualified as of April 4, 2006. As of October 1, 2006? As of the present date?

RESPONSE:

13. Identify and provide the documentation for each employee of AFS who was placed on short term disability and/or medical leave from December 1, 2003 to the present. The documentation should include, but is not limited to: 1) The Personnel

5

Action Update changing the employee's status to medical leave of absence and transferring the employee to the inactive department; 2) The letter signed by the Human Resources Representative explaining the action above; 3) The employee's last known address and phone number.

RESPONSE:

14. Identify each employee for whom AFS received notice of an application for unemployment compensation benefits from December 1, 2003 to the present; and provide a copy of all communications (or records of communications) between AFS and the Alabama Department of Industrial Relations related to each such application for benefits.

RESPONSE:

15. Identify and provide the documentation for each employee of AFS who was placed in, or assigned to, the "administrative termination" classification from December 1, 2003 to the present. This documentation should include, but is not limited to : 1) The Personnel Action Update changing the employees status from medical leave of absence to administrative termination; 2) The letter signed by the Human Resources Representative explaining the action above; 3) The employee's last known address and phone number.

RESPONSE:

16. Identify each employee of AFS who was classified in "administrative termination" status from December 1, 2003 to the present that was called back to work by AFS; and, provide all documentation related to their return to work, including but not limited to: 1) The Personnel Action Update changing the employees status from medical leave of absence to administrative termination; 2) The Return To Work Slip (form 01-288 or most current version); 3) The employee's last known address and phone number.

RESPONSE:

17. Identify each employee of AFS who was placed on short-term disability status from December 1, 2003 to the present who subsequently submitted a "Return to Work" slip; and, provide a copy of 1) The Personnel Action Update changing the employees status from medical leave of absence to regular employment; 2) the Return To Work Slip (form 01-288 or most current version); and, 3) the employee's last known address and phone number.

RESPONSE:

18. Provide a copy of all documents and other items related to the plaintiff and her lawsuit, including but not limited to the complete personnel file of the plaintiff,

6

payroll records on the plaintiff, electronically stored information (including e-mails) and any audio or video recordings that relate to the plaintiff.

RESPONSE:

19. If you contend that the Plaintiff was offered an accommodation which would permit her to return to employment with AFS, provide a copy of all documents supporting this contention.

RESPONSE:

20. If you contend that the plaintiff refused any offer of an accommodation by the defendant that would enable her to return to employment with AFS, provide a copy of all documents supporting this contention.

RESPONSE:

21. Provide a copy of the computer-generated Personnel Action form, which is located in the personnel file, containing the removal, or addition, of restrictions entry for every employee of the defendant who has been accommodated from December 1, 2003 to the present.

RESPONSE:

22. Provide a copy of the job description for all positions with AFS at Fort Rucker, Alabama.

RESPONSE:

23. Provide a copy of all handbooks, policies and procedures that the defendant has had from December 1, 2003 to the present, which include but not be limited to any policies concerning disability discrimination and eligibility for unemployment compensation benefits.

RESPONSE:

24. Provide a copy of all e-mails, correspondence or other documents related to the plaintiff, her employment, and/or EEOC and/or other agency charges or lawsuits by her or by any other employee.

RESPONSE:

25. Provide a copy of all e-mails, correspondence or other documents related to the plaintiff between any AFS employees and any person representing the labor union.

RESPONSE:

7

26. Provide a copy of all documents sent to and received from the EEOC or the Department of Labor concerning the plaintiff and any other person who has complained about sex discrimination or disability discrimination from December 1, 2003 to the present.

RESPONSE:

27. Provide a copy of all notes, calendars, diaries, e-mails, memos or other documents containing any information related to the plaintiff's employment, the plaintiff's complaints, or any other employee's complaints concerning discrimination in their employment at Fort Rucker, Alabama.

RESPONSE:

28. Provide all organizational charts reflecting the organizational structure of the defendant company during the period from December 1, 2003 up until the present and provide all documents that identify the name, and gender of all persons holding each particular position on those organizational charts.

RESPONSE:

29. State the net worth of the defendant company from December 1, 2003 to the present and provide a copy of all documents showing the net worth of the defendant company during that time period.

RESPONSE:

30. Provide a copy of all insurance agreements which provide liability coverage for the defendant company.

RESPONSE:

31. State the largest number of employees who have worked for the defendant company at any one time from December 1, 2003 to the present.

RESPONSE:

32. Provide a copy of the personnel file of each of the following AFS employees:
    A. Byron Register
    B. Tony Wasco
    C. Bruce Swarthout

RESPONSE:

33. Identify each person who assisted in the preparation of these responses to

plaintiff's interrogatories and request for production.

RESPONSE:

34. Identify each person who was contacted for the purpose of gathering information necessary to responding to these interrogatories and requests for production. (Plaintiff does not include communications with counsel in this interrogatory.)

RESPONSE:

35. State whether each person who assisted in the preparation of these responses made a diligent search of defendant's records prior to the execution of these responses.

RESPONSES:

Respectfully submitted,

_____
JIMMY JACOBS (JAC051)
Attorney for Plaintiff
4137 Carmichael Rd, Ste 100
Montgomery, Alabama 36106
(334) 215-1788

### CERTIFICATE OF SERVICE

I hereby certify that I placed the foregoing in the U.S. Mail, postage prepaid, for service upon counsel of record on this the 29th day of October, 2007.

_____
Jimmy Jacobs (JAC051)
4137 Carmichael Road, Ste 100
Montgomery, Alabama 36106
(334)215-1788

COUNSEL OF RECORD:

Kirk C. Shaw, Esq.
ARMBRECHT JACKSON LLP
Post Office Box 290
Mobile, Alabama 36601
Telephone: (251) 405-1302
Facsimile: (251) 432-6843

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PAULA F. DeFRANK, | § |
| Plaintiff, | § |
| v. | §   CASE NO. 1:07cv775-WKW |
| ARMY FLEET SUPPORT, LLC, | § |
| Defendant. | § |

**PROPOSED PROTECTIVE ORDER**

Upon due consideration of the Defendant's motion for a protective order (doc. #_____), and for good cause shown, it is

ORDERED that the Defendant's motion for a protective order (doc. #_____) be and is hereby GRANTED.

Discovery in this case may involve the production of confidential, proprietary or sensitive business information regarding Defendant Army Fleet Support, LLC and also personal information regarding its employees that should remain confidential. Accordingly, good cause having been shown within the meaning of Fed.R.Civ.P. 26(c) to the entry of this Protective Order, it is further

ORDERED as follows:

1.      As used herein, the word "document" means (a) all papers, electronic information, and other materials produced or furnished by Defendant; (b) all copies, extracts, and complete or partial summaries prepared from such documents; (c) portions

Exhibit 2

of deposition transcripts and exhibits thereto which relate to any such documents, copies, extracts, or summaries; and (d) portions of briefs, memoranda, or any other writings filed with the Court, and exhibits thereto, which discuss any such documents, extracts, or summaries.

2. All documents produced by Defendant that are designated as "Subject to Protective Order in Civil Action no. 1:07-cv-775-WKW" (hereinafter abbreviated as "Subject to Protective Order") shall be treated as such by all persons to whom such documents are disclosed. Such protected documents shall be used exclusively in this action and for no other purpose. Any document designated as "Subject to Protective Order" pursuant to this Order may not be disclosed wholly, in part, or in substance to persons not parties to this lawsuit except as set forth below.

3. If any protected document is used during any deposition, relevant portions of the deposition transcript (as designated by agreement of counsel) shall be treated as subject to this protective order in accordance with paragraph 2, *supra.*

4. Any document or deposition transcript designated by Defendant as "Subject to Protective Order" under this Order shall, if filed with the court, be clearly marked "Subject to Protective Order," sealed, placed in separate, secure storage by the clerk, and opened only by authorized court personnel.

5. Documents and deposition transcripts designated by Defendant as "Subject to Protective Order" pursuant to the terms of this Order may be used only in connection with this case and may be disclosed only to counsel, the parties, employees or professional assistants of counsel (including experts) who have a need to review the

information or contents of the documents to aid effectively in the preparation of the case. Notwithstanding the foregoing, documents or deposition transcripts designated by Defendant as "Subject to Protective Order" pursuant to this Order may be disclosed to potential witnesses for Plaintiff only on an as-needed basis subject to Plaintiff's counsel first informing each such witness of the terms of this Protective Order, and he or she agreeing to be bound by it.

6. Prior to disclosure to Plaintiff of documents designated as "Subject to Protective Order" pursuant to this Order, Plaintiff shall be given a copy of this Protective Order.

7. Plaintiff shall have the right to challenge any document designated by Defendant as "Subject to Protective Order" by seeking an appropriate order from this Court. Plaintiff will treat all materials or information designated by Defendant as "Subject to Protective Order" in accordance with the requirements of this Order during the pendency of such motion. Before Plaintiff seeks any relief from the Court under this paragraph, counsel for Plaintiff and Defendant are required to make a good faith effort to resolve any disputes concerning the confidential treatment of such document(s).

8. After the final termination of this litigation, all documents or other materials afforded confidential treatment pursuant to this Order and in the possession of Plaintiff or her counsel shall, upon request of the Defendant, be returned promptly to Defendant's counsel.

9. The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown.

Done this _____ day of _____ 2008.

_____
WALLACE CAPEL, JR.
UNITED STATES DISTRICT COURT JUDGE

Proposed Order submitted by:

ARMBRECHT JACKSON LLP
Post Office Box 290
Mobile, Alabama 36601
Phone:      (251) 405-1302
Facsimile:  (251) 432-6843

By   /s/ Kirk C. Shaw (SHAW0466)

Attorney for Army Fleet Support LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filings to the following:

Jimmy Jacobs, LLC
4137 Carmichael Road, Suite 100
Montgomery, AL 36106

/s/ Kirk C. Shaw (SHAWK0466)