IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PAULA F. DeFRANK, | § |
| Plaintiff, | § |
| v. | §   CASE NO. 1:07cv775-WKW |
| ARMY FLEET SUPPORT, LLC, | § |
| Defendant. | § |

MEMORANDUM OF DEFENDANT
ARMY FLEET SUPPORT, LLC'S
IN SUPPORT OF ITS
MOTION FOR PROTECTIVE ORDER

In this action, Plaintiff DeFrank contends that Defendant Army Fleet Support, LLC ("AFS") has (1) violated § 504 of the Rehabilitation Act of 1973 by failing to accommodate her alleged disability, and (2) committed "fraud and deceit" against her in connection with her alleged efforts to obtain unemployment compensation benefits from the State of Alabama.

In Plaintiff's First Consolidated Interrogatories and Requests for Production (Exhibit "1" to Defendant's Motion), Plaintiff has requested numerous documents relating to AFS's contract to provide maintenance and logistical support to the U. S. Army at Fort Rucker, Alabama and also medical information, reasons for termination, and, in the some cases, complete personnel files of AFS's employees, among other information.

*See, e.g.,* Exh. "1," items 2, 3, 4, 7, 11, 13, 14, 15, 16, 17, 21, 24, 26, 27, 29, 30 and 32. Defendant AFS has filed this Motion for Protective Order to protect the confidential, proprietary, or sensitive business information or private data regarding AFS <u>and</u> <u>also</u> the personal information regarding its employees that should remain confidential.

Prior to filing this Motion, counsel for Plaintiff and Defendant engaged in discussions about a jointly stipulated protective order. However, counsel were unable to agree to the wording of such an Order. The primary issue in dispute related to the situation where one party challenged the other party's designation of a document as "protected." In such a case, who has the burden of seeking an Order from the Court resolving the dispute? Defendant AFS's position is that, since the document will already have been produced to the challenging party, the document should remain "protected" until the challenging party obtains an order from the Court declaring the document to be "unprotected." Otherwise, as a practical matter, neither side would be willing to produce a document that it thinks should be protected until either (1) the opposing side agreed that it should be protected (which it cannot do without knowing the contents of the document) or (2) the Court had entered an Order declaring the document to be protected. Either alternative would unduly delay discovery in this case.

The benefit to Defendant's proposal is that it would have allowed the parties to produce documents without fear that the documents are going to be used outside this case or shown to others not authorized by the protective order unless the Court subsequently

enters an Order to the contrary. The parties would have use of the document for purposes of this case while such a challenge was being decided.

Although Defendant's Motion and proposed Order are worded to protect documents produced by Defendant only, counsel for Defendant represents to the Court that Defendant is willing to be subject to the same restrictions with respect to any document produced by Plaintiff and designated as "protected." In other words, Defendant agrees that its proposed Order may be converted into an Order applicable to both parties in this suit.

WHEREFORE, Defendant respectfully moves that its Motion for a Protective Order in the form of Exhibit "2" be entered by this Court.

                          Respectfully submitted,

                          ARMBRECHT JACKSON LLP
                          Post Office Box 290
                          Mobile, Alabama 36601
                          Phone:    (251) 405-1302
                          Facsimile:  (251) 432-6843

                          By   /s/ Kirk C. Shaw (SHAW0466)

                          Attorney for Army Fleet Support LLC

**CERTIFICATE OF SERVICE**

  I hereby certify that on January 17, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filings to the following:

    Jimmy Jacobs, LLC
    4137 Carmichael Road, Suite 100
    Montgomery, AL  36106


      /s/ Kirk C. Shaw (SHAW0466)