IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PAULA F. DeFRANK )<br>    **Plaintiff** )<br>)<br>v. )<br>)<br>ARMY FLEET SUPPORT, L.L.C., )<br>    **Defendant** ) | CASE NUMBER 1:07-cv-775-WKW<br><br>(JURY DEMAND) |

<u>RESPONSE TO THE DEFENDANT'S MOTION FOR A PROTECTIVE ORDER</u>

COMES NOW the Plaintiff, by and through undersigned counsel, and submits her Response to the Defendant's motion for a protective order. Entry of the requested Order is not justified and is due to be denied by the Court.

Facts Relevant to the Motion

1. The defendant correctly states the claims and general denial of the parties in this action. (Doc. 15: pp. 1-2, ## 2, 3)

2. The plaintiff has promulgated discovery requests on October 29, 2007[1], which seek personally- identifiable information concerning current or former employees of the defendant which is relevant to the issues in this lawsuit, including the entire personnel file of the plaintiff and three additional employees. (Doc. 15-2: p. 6 # 18; p. 8 # 32)

3. Although the defendant claims in its motion that the plaintiff has requested "…confidential, proprietary or sensitive business information regarding Defendant…"

---

[1] Defendant has twice requested and plaintiff has agreed to extensions of time for responding to discovery. On December 24, 2007 plaintiff agreed to an extension until January 11, 2007 and explained to defendant that further extensions would seriously compromise the plaintiff's ability to conduct discovery consistent with the Court's Rule 16 Scheduling Order. Plaintiff has received a minimal response to her discovery request since the filing of this motion, but defendant states that it is withholding complete responses subject to entry of this protective order. As noted herein, the defendant has not identified any document or other information which it asserts is subject to protection under the rules.

1

(Doc. 15: p. 2, # 3), it has not identified any document or other information, nor provided any basis, as required by Rule 26(c), to support invocation of privilege or justification for sequestration of any discovery in this matter.

4. The defendant has twice sought plaintiff's agreement to the blanket protective order it has now submitted to the Court. The plaintiff has declined to agree to this proposed joint order for the reasons set forth below.

Argument and Citations of Authority

I. <u>The defendant has not met its burden for a protective order</u>. The burden is on the party seeking a protective order to demonstrate good cause. *Fed. R. Civ. P. 26(c)*. The requesting party must make a particularized showing of need for the protective order. Furthermore, the requesting party must tie the need to specific documents for which confidentiality is sought. *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003). Blanket protective orders, such as that sought here which allow a party to designate documents as confidential without a document-by-document showing, are especially suspect and subject to challenge since the party seeking disclosure generally has not made a particularized showing of good cause with respect to any individual document. *AETNA Casualty Ins. Co. v. George Hyman Const. Co.*, 155 F.R.D.113, 115-16 (D.C. Pa. 1994) (proposed stipulation which would allow each party to designate documents as "confidential" did not meet requisite good cause standard of discovery rule; parties failed to show with specificity that disclosure would cause defined and serious injury upon a party or that there was a need to protect a party or third persons from annoyance, embarrassment, or oppression; and the method by which documents were to be afforded protection, i.e., each party self selecting documents resulted in judicial discretion yielding

to private judgment). See also *Makar-Wellbon v. Sony Electronics*, 187 F.R.D. 576, 577 (D.C. Wis. 1999)(denying confidentiality stipulation for all personnel files and confidential personnel documents in employment discrimination case); *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1102, 3 (9th Cir. 1999).

*Fed. R. Civ. P. 26(c)* requires that "good cause" be shown for a protective order to be issued. The burden is therefore upon the movant to show the necessity of its issuance, which contemplates "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements ..." *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973), citing Wright and Miller, *Federal Practice and Procedure Civ.* § 2035, 264-65. The defendant instead asks the Court to allow it to unilaterally declare information or documents as "protected". Army Fleet Support, LLC has not shown any cause for any specific information or document to be protected under the provisions set forth in Rule 26(c), and the motion is due to be denied.

II. Entry of blanket protective orders in discrimination and employment cases is contrary to public policy. The defendant's proposed order would have the effect of preventing the public or other interested parties from access to any information or documents it chooses to designate as "protected", and would prevent the plaintiff and/or her counsel for sharing pertinent information with other persons who may have suffered harm from the same or similar acts as this plaintiff.

Public scrutiny assists others in ensuring that the interests of protected classes or group members are being adequately protected, especially in cases involving discrimination and public health and safety, and is important to the public as a whole. This Court, along with others, has recognized that the public has a strong interest in ensuring

3

that issues involving discrimination are being properly addressed by the legal system. *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003) (presumption of access strongest in case implicating workers' rights under FLSA because the public has an independent interest in ensuring fair treatment of workers); *Brown and Williamson Tobacco Corp. v. Fed. Trade Comm.*, 710 F.2d 1165, 1179 (6th Cir. 1983) (discrimination among the issues in civil cases that are "crucial to the public"); See also: *EEOC v. The Erection Co.*, 900 F.2d 168, 172 (9th Cir. 1990). This case involves very important matters of public concern touching on the rights of persons with disabilities, or the perception of disabilities, to remain as productive members of the workforce, as well as matters of individual workers' rights to fair treatment under state law. Additionally, the requirement of public scrutiny is enhanced in this case because the defendant is a contractor receiving public funds and assistance and there is a substantial public interest in awareness of its conduct toward employees with disabilities.[2]

The defendant's proposed protective order is detrimental to the public's right to be informed of important issues in the workplace, and is due to be denied.

III. <u>The Defendant's proposed order undermines judicial efficiency</u>. Courts favor allowing access to discovery conducted by other parties in collateral litigation. It makes the administration of justice more efficient. Any other result would require that "each litigant who wishes to ride a taxi to court must undertake the expense of inventing the wheel". *Ward v. Ford Motor Co.*, 93 F.R.D. 579, 580 (D. Colo. 1982); *Wauchop v.*

---

[2] The plaintiff does not argue, however, that there is no duty upon the parties to protect personal information from public disclosure. Both parties are subject to the provisions of this Court's General Order No. 2:04-mc-3228 regarding protection of personally identifiable information in court filings, and the plaintiff believes those parameters are applicable to the discovery process as well.

4

*Domino's Pizza, Inc.*, 138 F.R.D. 539, 546-47 (D. Ind. 1991) (Federal Rules of Civil Procedure should be construed to foster the just, speedy, and inexpensive determination of every civil action . . . collaborative use of discovery material fosters that purpose); *Baker v. Liggett Group, Inc.*, 132 F.R.D. 123, 126 (D. Mass. 1990)(To routinely require every plaintiff to go through a comparable, prolonged and expensive discovery process would be inappropriate.); *Patterson v. Ford Motor Co.*, 85 F.R.D. 152, 154 (W.D. Tex. 1980)(The sharing of discovery information between plaintiffs may reduce time and money which must be expended in similar proceedings, and allows for effective, speedy, and efficient representation.); *Cipollone v. Liggett Group, Inc.*, 113 F.R.D. 86, 87 (D. N.J. 1986)(Maintaining a high cost of litigation for future advisories is not a proper purpose under Rules 1 or 26.); *Wilk v. American Medical Ass'n*, 635 F.2d 1295, 1301 (7th Cir. 1980)(That the expense of litigation deters many from exercising that right is no reason to erect gratuitous road blocks in the path of a litigant who finds a trail blazed by another.); *U.S. v. Hooker Chemicals & Plastics Corp.*, 90 F.R.D. 421, 426 (W.D. N.Y. 1981)(Use of discovery fruits disclosed in one lawsuit in connection with other litigation and even in collaboration among plaintiffs attorneys, comes squarely within the purposes of Federal Rules of Civil Procedure.); *Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) ("This court strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation.")

This plaintiff's counsel also represents the plaintiff in the case of *Hudson v. Army Fleet Support, LLC*, Case No. 1:07-cv-1050-WKW, presently before this Court and involving similar issues of fact and law. The plaintiff has reason to believe that there are other employees or former employees of the defendant who are litigating similar

5

discrimination claims against the defendant. Entry of the defendant's proposed protective order would inhibit the ability of these plaintiffs, or others similarly aggrieved in the future, to collaborate on the vindication of their rights in the courts. The defendant's motion is due to be denied on these grounds, as well.

Conclusion

The plaintiff has shown that the defendant has failed to demonstrate any grounds for entry of its proposed order, and that the proposal is contrary to public policy and judicial efficiency. The motion is due to be denied in its entirety.

Respectfully submitted this 25th day of January 2008.

/S/ JIMMY JACOBS
JIMMY JACOBS (JAC051)
Attorney for Plaintiff
4137 Carmichael Rd, Ste 100
Montgomery, Alabama 36106
(334) 215-1788

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using CM/ECF system and service will be perfected upon counsel of record following this the 25th day of January, 2008.

/s/JIMMY JACOBS
Jimmy Jacobs (JAC051)
4137 Carmichael Road, Ste 100
Montgomery, Alabama 36106
(334)215-1788

COUNSEL OF RECORD:

Kirk C. Shaw, Esq.
ARMBRECHT JACKSON LLP
Post Office Box 290
Mobile, Alabama 36601
Telephone: (251) 405-1302
Facsimile: (251) 432-6843