IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PAULA F. DeFRANK,             ) | |
|                                  ) | |
|     Plaintiff,          ) | |
|                                  ) | |
|   v.                                  ) | CASE NO. 1:07cv775-WKW |
|                                  ) | |
| ARMY FLEET SUPPORT, LLC, ) | |
|                                  ) | |
|     Defendant.         ) | |

**ORDER ON MOTION AND PROTECTIVE ORDER**

On January 17, 2008, Defendant filed a Motion for Protective Order (Doc. #15). Plaintiff filed opposition (Doc. #25) to the motion on January 25, 2008. Upon consideration of the parties' arguments and for good cause, it is

ORDERED that the motion (Doc. #15) is GRANTED. It is further

ORDERED as follows:

    1.        As used herein, the word "document" means (a) all papers, electronic information, and other materials produced or furnished by Plaintiff or Defendant; (b) all copies, extracts, and complete or partial summaries prepared from such documents; (c) portions of deposition transcripts and exhibits thereto which relate to any such documents, copies, extracts, or summaries; and (d) portions of briefs, memoranda, or any other writings filed with the Court, and exhibits thereto, which discuss any such documents, extracts, or summaries.

    2.        All documents produced by Plaintiff or Defendant that are

designated as "Subject to Protective Order in Civil Action no. 1:07-cv-775-WKW" (hereinafter abbreviated as "Subject to Protective Order") by the producing party shall be treated as such by all persons to whom such documents are disclosed. Such protected documents shall be used exclusively in this action and for no other purpose. Any document designated as "Subject to Protective Order" pursuant to this Order may not be disclosed wholly, in part, or in substance to persons not parties to this lawsuit except as set forth below.

      3.      If any protected document is used during any deposition, relevant portions of the deposition transcript (as designated by agreement of counsel) shall be treated as subject to this protective order in accordance with paragraph 2, *supra*.

      4.      Any document or deposition transcript designated by Plaintiff or Defendant as "Subject to Protective Order" under this Order shall, if filed with the court, be clearly marked "Subject to Protective Order," sealed, placed in separate, secure storage by the clerk, and opened only by authorized court personnel.

      5.      Documents and deposition transcripts designated by Plaintiff or Defendant as "Subject to Protective Order" pursuant to the terms of this Order may be used only in connection with this case and may be disclosed only to counsel, the parties, employees or professional assistants of counsel (including experts) who have a need to review the information or contents of the documents to aid effectively in the preparation of the case. Notwithstanding the foregoing, documents or deposition transcripts

designated by Plaintiff or Defendant as "Subject to Protective Order" pursuant to this Order may be disclosed to potential witnesses for Plaintiff or Defendant only on an as-needed basis subject to Plaintiff's or Defendant's counsel, as appropriate, first informing each such witness of the terms of this Protective Order, and the witness agreeing to be bound by it.

6. Prior to disclosure to Plaintiff or employees of Defendant of documents designated as "Subject to Protective Order" pursuant to this Order, Plaintiff or the employees of Defendant shall be given a copy of this Protective Order.

7. The party seeking discovery shall have the right to challenge any document designated by the opposing party as "Subject to Protective Order" by seeking an appropriate order from this Court. The party seeking discovery will treat all materials or information designated as "Subject to Protective Order" in accordance with the requirements of this Order during the pendency of such motion. Before seeking any relief from the Court under this paragraph, counsel for Plaintiff and Defendant are required to make a good faith effort to resolve any disputes concerning the confidential treatment of such document(s).

8. After the final termination of this litigation, all documents or other materials afforded confidential treatment pursuant to this Order and in the possession of Plaintiff or Defendant or their counsel shall, upon request of the producing party, be returned promptly to counsel for the party that produced the document(s).

9.        The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown.

Done this 4th day of February, 2008.

>   /s/ Wallace Capel, Jr.
>   WALLACE CAPEL, JR.
>   UNITED STATES MAGISTRATE JUDGE