# United States District Court

_____ MIDDLE _____ DISTRICT OF _____ ALABAMA _____

PAULA F. DEFRANK, Plaintiff

v.

ARMY FLEET SUPPORT SERVICES, LLC,

Defendant.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: 1:07-CV-775-WKW

TO: Bryan S. Blackwell, P.C.
306 North Foster Street
Dothan, Alabama 36303-4544

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All non-privileged documents relating to the claim of **Paula Francene DeFrank,** whose date of birth is 3/22/55 and whose social security number is 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, for disability benefits from the Social Security Administration ("SSA"), including, but not limited to, all correspondence with the SSA or any Administrative Law Judge, all pleadings (including briefs, memoranda, orders and rulings), all exhibits, medical records, reports, evaluations, and other documents submitted to SSA in support of or in response to Ms. DeFrank's claims.

| PLACE | 63 S. Royal Street, Ste. 1300    Or    P.O. Box 290 | DATE AND TIME |
|---|---|---|
|  | Mobile, AL 36602-3293         Mobile, AL 36601 | July 22, 2008, 5:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Kirk C. Shaw*    ATTORNEY FOR DEFENDANT | June 30, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Kirk C. Shaw, Esq., Post Office Box 290, Mobile, Alabama 36601 – (251)405-1300

(See Rule 45, Federal Rules of Civil Procedure Rule C & D on Reverse)AO 88 (Rev. 11/91) Subpoena in a Civil Case

| SERVED | PLACE |
|---|---|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
           DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.



# ARMBRECHT JACKSON LLP
### LAWYERS

1300 Riverview Plaza
63 S. Royal Street
Mobile, Alabama 36602

Mailing address:
P.O. Box 290
Mobile, Alabama 36601

Telephone:
251.405.1300

Fax:
251.432.6843

KIRK C. SHAW*
DIRECT DIAL: 251.405.1302
EMAIL: KCS@AJLAW.COM
*ALSO ADMITTED IN FLORIDA

June 30, 2008

Bryan S. Blackwell, P.C.
306 N. Foster Street
Dothan, AL 36303-4544

**VIA FEDERAL EXPRESS**

Re: *Paula F. DeFrank v. Army Fleet Support, LLC*
Civil Action No. 1:07cv775-WKW
U. S. District Court for the Middle District of Alabama

Dear Mr. Blackwell:

Enclosed please find a Rule 45 civil subpoena for records and other documents pertaining to Ms. Paula Francene DeFrank in connection with the above referenced matter. Also enclosed is a HIPPA Order issued by the Court and a certification that must be completed to accompany the documents produced.

**It is not our intent by this subpoena to obtain any attorney-client privileged or attorney work product documents, other than as may have been disclosed to the Social Security Administration in a filing or hearing with that agency.**

Also, it is our intention to make compliance with this subpoena as convenient as possible for you. If you prefer, you may simply copy the documents, complete the attached certificate, and mail them to me at the above address along with a statement for your reasonable copying costs. We will reimburse you for your reasonable copying costs.

Bryan S. Blackwell, P.C.
June 30, 2008
Page 2

     If you have any questions, or if you require pre-payment for copying costs, please contact me at the above phone number. Thank you for your cooperation.

          Sincerely,

          ARMBRECHT JACKSON, LLP

          By_____
              Kirk C. Shaw

KCS/chs
Enclosure
cc:   Jimmy Jacobs, Esq.

### Bryan Blackwell List Serve

**From:** Robert Lusk [robert.lusk@alabar.org]
**Sent:** Monday, July 14, 2008 1:52 PM
**To:** Bryan Work
**Subject:** RE: Subpoena for client's records - Informal Opinion

Dear Mr. Work:

I am writing in response to your e-mail requesting an ethics opinion from this office. In response to your request I am providing you with the following, which is an informal opinion of the Office of General Counsel and is not binding on the Disciplinary Commission of the Alabama State Bar.

Information contained in your file that is not public information is considered confidential pursuant to Rule 1.6, Alabama Rules of Professional Conduct and it would be a violation of that rule for you to release that information without the consent of your client, court order, or other requirement under the law. As we previously discussed, if your client does not consent to release of the information and you have a reasonable belief that the requested information is confidential, then you should file a motion to quash the subpoena and/or motion for protective order asserting confidentiality under Rule 1.6, Ala. R. Prof. C., and any other appropriate objection, such as privilege.

I trust this sufficiently addresses your inquiry. If you have additional questions, do not hesitate to contact me.

/s/

Robert E. Lusk, Jr.
Assistant General Counsel
Alabama State Bar
415 Dexter Avenue
Montgomery, AL  36104
334-269-1515
robert.lusk@alabar.org

This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain private, confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, employee or agent responsible for delivering this message, please contact the sender by reply e-mail and destroy all copies of the original e-mail message.

**From:** Bryan Work [mailto:bryanblackwell@centurytel.net]
**Sent:** Monday, July 14, 2008 1:29 PM
**To:** Robert Lusk
**Subject:** Subpoena for client's records

I spoke with you last week regarding a subpoena I received from a lawyer who is the opposing counsel to my client in another case in which I do not represent the client. He has requested that I provide him with any medical records of my client's treatment which I submitted to the Social Security Administration. I advised him that I did not have any nonprivileged records and could not produce medical records without a release from my client.

7/14/2008

However, the lawyer who issued the subpoena demands that I produce the records anyway. The client's lawyer in the case in which the subpoena was issued has advised her not to consent to her releasing the records from my office, although I understand they will agree to a release from the client for records from Social Security.

I do not have any records that he could not subpoena from the clients doctors or from the Social Security Administration. I understand that production of my client's medical records without her consent is a violation of my ethical duties (as well as HIPPA).

Could you provide me with an opinion letter on this matter?

Thank you.

Bryan S. Blackwell, P.C.
Attorney at Law
306 N. Foster St.
Dothan, Alabama 36303
(334) 678-7780
fax 678-8260
bryanblackwell@centurytel.net
www.bryanblackwellattorney.com

Social Security Disability, Workers Compensation, Personal Injury, Domestic Relations and Criminal Defense

Admitted to the United States District Courts for the Middle District of Alabama and Northern District of Florida, United States Court of Appeals for the Eleventh Circuit and the Supreme Court of the United States of America

The information in this email transaction is attorney privileged and confidential. It is intended only for the use of the individual or entity named above. If you are not the intended recipient, please immediately notify me by email or telephone. No representation is made that the quality of legal services to be performed is greater than the quality of legal services performed by other lawyers. No attorney client relationship is created by this or any email. Thank you.

### Bryan Blackwell List Serve

| | |
|---|---|
| **From:** | Bryan Blackwell List Serve [blackwelllaw@centurytel.net] |
| **Sent:** | Tuesday, July 01, 2008 2:20 PM |
| **To:** | 'KCS@ajlaw.com' |
| **Subject:** | DeFrank v. AFS |

I am in receipt of your subpoena directed to my office in the above referenced case. I do not have any records regarding Ms. DeFrank which are not attorney-client privileged information. However, to the extent that you seek information disclosed to the Social Security Administration you might subpoena that agency.

Should you have any questions in this regard please do not hesitate to write or call.

Thank you very much,

Bryan S. Blackwell, P.C.
Attorney at Law
306 N. Foster St.
Dothan, Alabama 36303
(334) 678-7780
fax 678-8260
bryanblackwell@centurytel.net
www.bryanblackwellattorney.com

Social Security Disability, Workers Compensation, Personal Injury, Domestic Relations and Criminal Defense

Admitted to the United States District Courts for the Middle District of Alabama and Northern District of Florida, United States Court of Appeals for the Eleventh Circuit and the Supreme Court of the United States of America

The information in this email transaction is attorney privileged and confidential. It is intended only for the use of the individual or entity named above. If you are not the intended recipient, please immediately notify me by email or telephone. No representation is made that the quality of legal services to be performed is greater than the quality of legal services performed by other lawyers. No attorney client relationship is created by this or any email. Thank you.

## Bryan Blackwell List Serve

**From:** Kirk Shaw [KCS@ajlaw.com]
**Sent:** Tuesday, July 01, 2008 2:47 PM
**To:** Bryan Blackwell List Serve
**Subject:** RE: DeFrank v. AFS

Bryan,

   With all due respect, anything you have filed on Ms. DeFrank's behalf with the Social Security Administration would no longer be attorney-client privileged. I am trying to subpoena the Social Security Administration office also, but that is no basis for you to not respond to the subpoena to you. Please do not force me to file a motion for sanctions with the Court.

                                                                Kirk

---

**From:** Bryan Blackwell List Serve [mailto:blackwelllaw@centurytel.net]
**Sent:** Tuesday, July 01, 2008 2:20 PM
**To:** Kirk Shaw
**Subject:** DeFrank v. AFS

I am in receipt of your subpoena directed to my office in the above referenced case. I do not have any records regarding Ms. DeFrank which are not attorney-client privileged information. However, to the extent that you seek information disclosed to the Social Security Administration you might subpoena that agency.

Should you have any questions in this regard please do not hesitate to write or call.

Thank you very much,

Bryan S. Blackwell, P.C.
Attorney at Law
306 N. Foster St.
Dothan, Alabama 36303
(334) 678-7780
fax 678-8260
bryanblackwell@centurytel.net
www.bryanblackwellattorney.com

Social Security Disability, Workers Compensation, Personal Injury, Domestic Relations and Criminal Defense

Admitted to the United States District Courts for the Middle District of Alabama and Northern District of Florida, United States Court of Appeals for the Eleventh Circuit and the Supreme Court of the United States of America

The information in this email transaction is attorney privileged and confidential. It is intended only for the use of the individual or entity named above. If you are not the intended recipient, please immediately notify me by email or telephone. No representation is made that the quality of legal services to be performed is greater than the quality of legal services performed by other lawyers. No attorney client relationship is created by this or any email. Thank you.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

PAULA F. DEFRANK )

VS. ) CASE NO. CV 1:07-775-WKW

ARMY FLEET SUPPORT, L.L.C. )

## MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA TO BRYAN S. BLACKWELL, P.C.

Comes now Bryan S. Blackwell, P.C. and does hereby object to the issuance of the Subpoena to Bryan S. Blackwell, P.C. attached as Ex. "A" and in support does state that the undersigned does not have anything regarding Plaintiff that was not obtained for the purpose of litigating her Social Security Disability claims. Bryan S. Blackwell, P.C. moves this Honorable Court for a protective order and to quash the subpoena issued to it and the undersigned pursuant to Rules 45 and 26, FRCP.

The undersigned is an attorney and represents Paula F. DeFrank in a claim for Social Security Benefits. He has certain medical records which were submitted to Social Security for her claim, and which are the subject of a subpoena issued to the undersigned and his firm.

Any medical records submitted by the undersigned to the Social Security Administration relative to her claims would remain privileged. See Ex. B, email from Hon. Robert Lusk, General Counsel, Alabama State Bar. Disclosure of this information is prohibited by Alabama Rules of Professional Conduct 1.6. Plaintiff has not waived attorney/client privilege. Furthermore, any "partial" release could be construed as a waiver.

1

It is the understanding of the undersigned from Plaintiff's attorney that Defendant already has all of Plaintiff's medical records and has an HIPPA order in place so that it can get any records from medical providers. He is apparently on a fishing expedition.

The undersigned has written counsel for Defendant, who has replied that he demands production of the information despite the privileged nature thereof. See Ex. "C", email to Shaw and Ex. "D", email from Shaw.

In addition, these materials would constitute work product under Hickman v. Taylor, 329 U.S. 495 (1947). The undersigned can submit to the Court under seal a privilege log listing any records which were submitted to SSA by him for Plaintiff.

The regulations to the Social Security Act as they apply to the representatives of the claimants in such proceedings prohibit the disclosure of the documents that are requested by this interrogatory. *See* 20 C.F.R. § 404.1740(c)(5) which provides, "(c) Prohibited actions. A representative shall not: (5) Divulge, without the claimant's consent, except as may be authorized by regulations prescribed by us or as otherwise provided by Federal law, any information we furnish or disclose about a claim or prospective claim." As such, the regulations create a privilege as to the material obtained from the Social Security Administration by an Attorney Representative and the attorney for the Claimant has no authority under the regulations to waive that privilege without the consent of the Claimant.

All such information held by Bryan S. Blackwell, P.C. is privileged pursuant to 5 U.S.C.A. § 552a(b) and 20 C.F.R. § 402.100. Further that the subpoena does not meet the limited areas of disclosure permitted by 20 C.F.R. § 401.180. The Plaintiff therefore

objects to the proposed subpoena to Bryan S. Blackwell, P.C. and request that it not be issued.

The Social Security Act prohibits disclosure by SSA as well.

42 USCS § 1306

Disclosure of information in possession of Social Security Administration or Department of Health and Human Services

(a) Disclosure prohibited; exceptions.

   (1) No disclosure of any return or portion of a return (including information returns and other written statements) filed with the Commissioner of Internal Revenue under title VIII of the Social Security Act or under subchapter E of chapter 1 or subchapter A of chapter 9 of the Internal Revenue Code, or under regulations made under authority thereof, which has been transmitted to the head of the applicable agency by the Commissioner of Internal Revenue, or of any file, record, report, or other paper, or any information, obtained at any time by the head of the applicable agency or by any officer or employee of the applicable agency in the course of discharging the duties of the head of the applicable agency under this Act, and no disclosure of any such file, record, report, or other paper, or information, obtained at any time by any person from the head of the applicable agency or from any officer or employee of the applicable agency shall be made except as the head of the applicable agency may by regulations prescribe and except as otherwise provided by Federal law. Any person who shall violate any provision of this section shall be deemed guilty of a felony and, upon conviction thereof, shall be punished by a fine not exceeding $ 10,000 for each occurrence of a violation, or by imprisonment not exceeding 5 years, or both.

20 CFR 402.15 (c) allows records of another individual to be produced by the SSA under the Freedom of Information Act or the Privacy Act (5 U.S.C. 552a). See 20 CFR 401.30. A written release is required to disclose social security records. 20 CFR 401.100. No disclosure permitted under 20 CFR 401.110 is contemplated in this case. Income information is protected by 20 CFR 402.85, 20 CFR 401.125. Medical records are protected by 20 CFR 402.100(c). SSA can only release records for legal proceedings pursuant to 20 CFR 403.100 et seq. SSA does not generally disclose records for use in a

3

dispute between two private parties. 20 CFR 401.145(b). SSA may or may not disclose information required to be disclosed in a federal court order. 20 CFR 401.180(f). <u>Mason vs. South Bend</u>, 990 F. Supp. 1096 (ND Ind. 1997).

§ 401.180 Disclosure under court order or other legal process.

(a) General. The Privacy Act permits us to disclose information when we are ordered to do so by a court of competent jurisdiction. When information is used in a court proceeding, it usually becomes part of the public record of the proceeding and its confidentiality often cannot be protected in that record.
Much of the information that we collect and maintain in our records on individuals is especially sensitive. Therefore, we follow the rules in paragraph
(d) of this section in deciding whether we may disclose information in response to an order from a court of competent jurisdiction. When we disclose pursuant to an order from a court of competent jurisdiction, and the order is a matter of public record, the Privacy Act requires us to send a notice of the disclosure to the last known address of the person whose record was disclosed.

(b) Court. For purposes of this section, a court is an institution of the judicial branch of the U.S. Federal government consisting of one or more judges who seek to adjudicate disputes and administer justice. (See 404.2(c)(6) of this chapter). Entities not in the judicial branch of the Federal government are not courts for purposes of this section.

(c) Court order. For purposes of this section, a court order is any legal process which satisfies all of the following conditions:

(1) It is issued under the authority of a Federal court;

(2) A judge or a magistrate judge of that court signs it;

(3) It commands SSA to disclose information; and

(4) The court is a court of competent jurisdiction.

(d) Court of competent jurisdiction. It is the view of SSA that under the Privacy Act the Federal Government has not waived sovereign immunity, which precludes state court jurisdiction over a Federal agency or official. Therefore, SSA will not honor state court orders as a basis for

disclosure. State court orders will be treated in accordance with the other provisions of this part.

(e) Conditions for disclosure under a court order of competent jurisdiction.
We disclose information in compliance with an order of a court of competent jurisdiction if --

(1) another section of this part specifically allows such disclosure, or

(2) SSA, the Commissioner of Social Security, or any officer or employee of SSA in his or her official capacity is properly a party in the proceeding, or

(3) disclosure of the information is necessary to ensure that an individual who is accused of criminal activity receives due process of law in a criminal proceeding under the jurisdiction of the judicial branch of the Federal government.

(f) In other circumstances. We may disclose information to a court of competent jurisdiction in circumstances other than those stated in paragraph (e) of this section. We will make our decision regarding disclosure by balancing the needs of a court while preserving the confidentiality of information. For example, we may disclose information under a court order that restricts the use and redisclosure of the information by the participants in the proceeding; we may offer the information for inspection by the court in camera and under seal; or we may arrange for the court to exclude information identifying individuals from that portion of the record of the proceedings that is available to the public. We will make these determinations in accordance with § 401.140.

(g) Other regulations on request for testimony, subpoenas and production of records in legal proceedings. See 20 CFR part 403 of this chapter for additional rules covering disclosure of information and records governed by this part and requested in connection with legal proceedings.

The undersigned has attempted to confer with the counsel issuing the subpoena, without success.

WHEREFORE, the above premises considered, the undersigned hereby moves this Honorable Court for a protective order and to quash the subpoena issued to it and the undersigned pursuant to Rules 45 and 26, FRCP

DATED this the 15th day of July, 2008

                                                       */s/ Bryan S. Blackwell*

                                                       _____
BRYAN S. BLACKWELL (BLA 069)
306 NORTH FOSTER STREET
DOTHAN, ALABAMA 36303
(334) 678-7780 TELEPHONE
(334) 678-8260 FAX
blackwelllaw2@centurytel.net

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a true and correct copy of the foregoing upon the following counsel of record by filing same by EM/ECF

Hon. Jimmy Jacobs
Of Counsel for Plaintiff

Hon Kirk Shaw
Of Counsel for Defendant

                                                       */s/ Bryan S. Blackwell*

                                                       _____
BRYAN S. BLACKWELL