**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

# NOTICE OF CORRECTION

**From:** Clerk's Office

**Case Style:** DeFrank v. Army Fleet Support, L.L.C.

**Case Number:** 1:07-cv-00775-WKW

Referenced Pleading -   MOTION for protective order & Motion to quash subpoena   - Doc. 30

**This Notice of Correction was filed in the referenced case this date to correct the PDF documents attached to this notice.  Please see the correct PDF documents to this notice.**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

PAULA F. DEFRANK )

VS. ) CASE NO. CV 1:07-775-WKW

ARMY FLEET SUPPORT, L.L.C. )

## MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA TO BRYAN S. BLACKWELL, P.C.

Comes now Bryan S. Blackwell, P.C. and does hereby object to the issuance of the Subpoena to Bryan S. Blackwell, P.C. attached as Ex. "A" and in support does state that the undersigned does not have anything regarding Plaintiff that was not obtained for the purpose of litigating her Social Security Disability claims. Bryan S. Blackwell, P.C. moves this Honorable Court for a protective order and to quash the subpoena issued to it and the undersigned pursuant to Rules 45 and 26, FRCP.

The undersigned is an attorney and represents Paula F. DeFrank in a claim for Social Security Benefits. He has certain medical records which were submitted to Social Security for her claim, and which are the subject of a subpoena issued to the undersigned and his firm.

Any medical records submitted by the undersigned to the Social Security Administration relative to her claims would remain privileged. See Ex. B, email from Hon. Robert Lusk, General Counsel, Alabama State Bar. Disclosure of this information is prohibited by Alabama Rules of Professional Conduct 1.6. Plaintiff has not waived attorney/client privilege. Furthermore, any "partial" release could be construed as a waiver.

1

It is the understanding of the undersigned from Plaintiff's attorney that Defendant already has all of Plaintiff's medical records and has an HIPPA order in place so that it can get any records from medical providers. He is apparently on a fishing expedition.

The undersigned has written counsel for Defendant, who has replied that he demands production of the information despite the privileged nature thereof. See Ex. "C", email to Shaw and Ex. "D", email from Shaw.

In addition, these materials would constitute work product under Hickman v. Taylor, 329 U.S. 495 (1947). The undersigned can submit to the Court under seal a privilege log listing any records which were submitted to SSA by him for Plaintiff.

The regulations to the Social Security Act as they apply to the representatives of the claimants in such proceedings prohibit the disclosure of the documents that are requested by this interrogatory. *See* 20 C.F.R. § 404.1740(c)(5) which provides, "(c) Prohibited actions. A representative shall not: (5) Divulge, without the claimant's consent, except as may be authorized by regulations prescribed by us or as otherwise provided by Federal law, any information we furnish or disclose about a claim or prospective claim." As such, the regulations create a privilege as to the material obtained from the Social Security Administration by an Attorney Representative and the attorney for the Claimant has no authority under the regulations to waive that privilege without the consent of the Claimant.

All such information held by Bryan S. Blackwell, P.C. is privileged pursuant to 5 U.S.C.A. § 552a(b) and 20 C.F.R. § 402.100. Further that the subpoena does not meet the limited areas of disclosure permitted by 20 C.F.R. § 401.180. The Plaintiff therefore

objects to the proposed subpoena to Bryan S. Blackwell, P.C. and request that it not be issued.

The Social Security Act prohibits disclosure by SSA as well.

42 USCS § 1306

Disclosure of information in possession of Social Security Administration or Department of Health and Human Services

(a) Disclosure prohibited; exceptions.

   (1) No disclosure of any return or portion of a return (including information returns and other written statements) filed with the Commissioner of Internal Revenue under title VIII of the Social Security Act or under subchapter E of chapter 1 or subchapter A of chapter 9 of the Internal Revenue Code, or under regulations made under authority thereof, which has been transmitted to the head of the applicable agency by the Commissioner of Internal Revenue, or of any file, record, report, or other paper, or any information, obtained at any time by the head of the applicable agency or by any officer or employee of the applicable agency in the course of discharging the duties of the head of the applicable agency under this Act, and no disclosure of any such file, record, report, or other paper, or information, obtained at any time by any person from the head of the applicable agency or from any officer or employee of the applicable agency shall be made except as the head of the applicable agency may by regulations prescribe and except as otherwise provided by Federal law. Any person who shall violate any provision of this section shall be deemed guilty of a felony and, upon conviction thereof, shall be punished by a fine not exceeding $ 10,000 for each occurrence of a violation, or by imprisonment not exceeding 5 years, or both.

20 CFR 402.15 (c) allows records of another individual to be produced by the SSA under the Freedom of Information Act or the Privacy Act (5 U.S.C. 552a). See 20 CFR 401.30. A written release is required to disclose social security records. 20 CFR 401.100. No disclosure permitted under 20 CFR 401.110 is contemplated in this case. Income information is protected by 20 CFR 402.85, 20 CFR 401.125. Medical records are protected by 20 CFR 402.100(c). SSA can only release records for legal proceedings pursuant to 20 CFR 403.100 et seq. SSA does not generally disclose records for use in a

dispute between two private parties. 20 CFR 401.145(b). SSA may or may not disclose information required to be disclosed in a federal court order. 20 CFR 401.180(f). <u>Mason vs. South Bend</u>, 990 F. Supp. 1096 (ND Ind. 1997).

§ 401.180 Disclosure under court order or other legal process.

(a) General. The Privacy Act permits us to disclose information when we are ordered to do so by a court of competent jurisdiction. When information is used in a court proceeding, it usually becomes part of the public record of the proceeding and its confidentiality often cannot be protected in that record.
Much of the information that we collect and maintain in our records on individuals is especially sensitive. Therefore, we follow the rules in paragraph
(d) of this section in deciding whether we may disclose information in response to an order from a court of competent jurisdiction. When we disclose pursuant to an order from a court of competent jurisdiction, and the order is a matter of public record, the Privacy Act requires us to send a notice of the disclosure to the last known address of the person whose record was disclosed.

(b) Court. For purposes of this section, a court is an institution of the judicial branch of the U.S. Federal government consisting of one or more judges who seek to adjudicate disputes and administer justice. (See 404.2(c)(6) of this chapter). Entities not in the judicial branch of the Federal government are not courts for purposes of this section.

(c) Court order. For purposes of this section, a court order is any legal process which satisfies all of the following conditions:

(1) It is issued under the authority of a Federal court;

(2) A judge or a magistrate judge of that court signs it;

(3) It commands SSA to disclose information; and

(4) The court is a court of competent jurisdiction.

(d) Court of competent jurisdiction. It is the view of SSA that under the Privacy Act the Federal Government has not waived sovereign immunity, which precludes state court jurisdiction over a Federal agency or official. Therefore, SSA will not honor state court orders as a basis for

disclosure. State court orders will be treated in accordance with the other provisions of this part.

(e) Conditions for disclosure under a court order of competent jurisdiction.

We disclose information in compliance with an order of a court of competent jurisdiction if --

(1) another section of this part specifically allows such disclosure, or

(2) SSA, the Commissioner of Social Security, or any officer or employee of SSA in his or her official capacity is properly a party in the proceeding, or

(3) disclosure of the information is necessary to ensure that an individual who is accused of criminal activity receives due process of law in a criminal proceeding under the jurisdiction of the judicial branch of the Federal government.

(f) In other circumstances. We may disclose information to a court of competent jurisdiction in circumstances other than those stated in paragraph (e) of this section. We will make our decision regarding disclosure by balancing the needs of a court while preserving the confidentiality of information. For example, we may disclose information under a court order that restricts the use and redisclosure of the information by the participants in the proceeding; we may offer the information for inspection by the court in camera and under seal; or we may arrange for the court to exclude information identifying individuals from that portion of the record of the proceedings that is available to the public. We will make these determinations in accordance with § 401.140.

(g) Other regulations on request for testimony, subpoenas and production of records in legal proceedings. See 20 CFR part 403 of this chapter for additional rules covering disclosure of information and records governed by this part and requested in connection with legal proceedings.

The undersigned has attempted to confer with the counsel issuing the subpoena, without success.

WHEREFORE, the above premises considered, the undersigned hereby moves this Honorable Court for a protective order and to quash the subpoena issued to it and the undersigned pursuant to Rules 45 and 26, FRCP

DATED this the 15th day of July, 2008

/s/ Bryan S. Blackwell
_____
BRYAN S. BLACKWELL (BLA 069)
306 NORTH FOSTER STREET
DOTHAN, ALABAMA 36303
(334) 678-7780 TELEPHONE
(334) 678-8260 FAX
blackwelllaw2@centurytel.net

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a true and correct copy of the foregoing upon the following counsel of record by filing same by EM/ECF

Hon. Jimmy Jacobs
Of Counsel for Plaintiff

Hon Kirk Shaw
Of Counsel for Defendant

/s/ Bryan S. Blackwell
_____
BRYAN S. BLACKWELL